**Civil Lawsuits Against Counsel**

# 25 CV 10133

**Civil Complaint (Legal Malpractice / Breach of Fiduciary Duty / Contractual Breach / 42 U.S.C. § 1983 – Deprivation of Rights Under Color of State Law)**

# CIVIL COMPLAINT

**UNITED STATES DISTRICT COURT**
**Second circuit.**

# Southern District of New York



**Victor Ahaiwe,  36244 Eagle Lane, Beaumont Ca 92223**
Plaintiff,
v.

**Esereosonobrughue Joy Onaodowan Esq., Law Firm Name,**

The Law Offices of Onaodowan & Delince, PLLC
Defendant.

Case No. _____

# CIVIL COMPLAINT FOR LEGAL MALPRACTICE, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT, AND VIOLATION OF CONSTITUTIONAL RIGHTS

**Plaintiff Victor Ahaiwe alleges as follows:**

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and § 1343 because Plaintiff asserts violations of federal constitutional rights under color of law.
2. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for state-law malpractice, contract, and fiduciary duty claims.
3. Venue is proper under 28 U.S.C. § 1391 because the events occurred in this district.

## II. PARTIES

4. Plaintiff **Victor Ahaiwe** is a criminal defendant whose Sixth Amendment rights were materially violated.



5. Defendant **Esereosonobrughue Joy Onaodowan, Esq.** was appointed/retained counsel for Plaintiff for approximately 14 months.

## III. FACTUAL ALLEGATIONS

6. Plaintiff retained/was assigned Defendant under Lawyer's contract containing Section 31(f), stating that *"a motion for withdrawal constitutes an official withdrawal of authority to act for the client."*
7. For 14 months, Defendant and Plaintiff had an **irreconcilable, antagonistic, and adversarial relationship**, making meaningful representation impossible.
8. Defendant refused to communicate adequately, ignored requested motions, failed to investigate, was unable to prepare for trial, and refused to provide discovery on time (see telephone records and Zoom meetings)
9. Six (6) weeks before trial, after nearly **14 months of delay**, Defendant filed a **Motion to Withdraw**, after numerous denials of the right to counsel to the plaintiff at the critical stage, admitting an irreconcilable conflict. (see defendant's motion for withdrawal).
10. Defendant's representation during this period was not only ineffective—it was **non-existent, adversarial, and prejudicial**, violating Plaintiff's rights, possibly retaliatory for Plaintiff's refusal to an irresponsible Alford plea being forced on him by Defendant.

## IV. CAUSES OF ACTION

---

# COUNT 1 – LEGAL MALPRACTICE

11. Defendant owed Plaintiff a duty of competent representation.
12. Defendant breached this duty by failing to prepare, communicate, investigate, or act with reasonable diligence.
13. Plaintiff suffered prejudice, including compromised rights and loss of trial preparation time.

---

# COUNT 2 – BREACH OF FIDUCIARY DUTY

14. Defendant had a fiduciary duty of loyalty and non-adversarial representation.
15. Defendant acted **antagonistically**, misrepresented case status, and engaged in conduct adverse to Plaintiff's interests.
16. Plaintiff was harmed by loss of trust, case deterioration, and constitutional violations. Continuous unconsented representation after improperly terminating authority to act for the client, as demonstrated by the motion for withdrawal.

# BREACH OF FIDUCIARY DUTY

The attorney-client relationship is a fiduciary one, imposing the highest duties of loyalty, care, and good faith.

## Elements

1. **Fiduciary relationship existed** ✓ (attorney-client)
2. **Fiduciary breached duties** ✓ (multiple breaches)
3. **Damages resulted** ✓

## Breaches of Fiduciary Duty

**Duty of Loyalty:**

- Representing a client despite unresolved conflict
- Prioritizing the attorney's interests (withdrawal) over the client's interests (defense)
- Plaintiff alleges that the defendant was an accomplice to a "Strickland standard violation

**Duty of Care:**

- Failing to provide competent representation
- Allowing an antagonistic relationship to compromise representation

**Duty of Good Faith:**

- Timing withdrawal to maximize harm to the client

**Duty of Confidentiality:**

- If an attorney reveals client confidences during a withdrawal motion
- If an attorney's statements in the withdrawal motion harmed the client.

**Duty to Avoid Self-Dealing:**

- Accepting fees while knowing representation would be ineffective
- Continuing unconsented representation to discourage 6th Amendment rights denial.

## Advantages of Fiduciary Duty Claim

**1. Higher Standard:**

- Fiduciaries held to the highest standard of conduct.
- Even the appearance of impropriety may be a breach.

**2. Punitive Damages More Available:**

- Breach of fiduciary duty is more likely to support punitive damages
- Courts take fiduciary breaches seriously

**3. Prove breach of fiduciary duty**

- Plaintiffs do not need expert testimony in this jurisdiction
- Don't need to prove that they would have won the case
- Breach itself is actionable

---

# COUNT 3 – BREACH OF CONTRACT

17. Under Section 31(f), Defendant's motion to withdraw constituted **immediate termination of authority**.
18. Defendant continued acting or failing to act after functional termination, causing breach.
19. Plaintiff suffered foreseeable damages.

# BREACH OF CONTRACT

Plaintiff has a written contract with section 31(f) regarding withdrawal.

## Elements

1. **A valid contract existed**
2. **Defendant performed obligations**
3. **Attorney breached contract** (multiple ways)
4. **Damages resulted**

## Specific Breaches

**Breach of Scope of Representation:**

- Contract presumably required competent representation throughout the trial
- Attorney withdrew before completing contracted services

**Breach of Section 31(f):**

- Improper withdrawal = breach of contract

  The defendant's motion to withdraw and her insistence on being present in court without the plaintiff's consent constitute improper withdrawal. Her ongoing presence in court

without the plaintiff's consent caused irreversible damage and harm to the plaintiff, the plaintiff's spouse, and their four minor children.

Bargaining with the prosecutor after the withdrawal motion was unconsented by the plaintiff, and all actions following the motion for withdrawal were unconsented by the plaintiff.

**Breach of Implied Covenant of Good Faith:**

- Every contract has an implied duty of good faith and fair dealing
- Withdrawing 6 weeks before trial violates this duty

## Damages

**Direct Damages:**

- Full refund of all fees paid
- Costs of securing a new attorney
- Additional costs caused by withdrawal (continuance fees, etc.)

**Consequential Damages:**

- Harm caused by the timing of withdrawal
- Costs of delayed proceedings
- Lost opportunities

**Plaintiff asserts that contract claims:**

- Don't need to prove "but for" causation for the outcome
- Only need to show the attorney didn't perform contracted services
- May have shorter statute of limitations, though

---

# COUNT 4 – 42 U.S.C. § 1983 – DEPRIVATION OF SIXTH AMENDMENT RIGHTS

20. Defendant, acting under color of law as court-appointed or publicly funded counsel, violated Plaintiff's Sixth Amendment rights.
21. Defendant's continued adversarial posture denied Plaintiff **effective counsel**, **fair trial preparation**, and **access to the courts**. (under improper withdrawal). Defendant's action on the motion for withdrawal constitutes improper withdrawal because the authority to act for the client was improperly terminated.

22. Plaintiff suffered constitutional injury.

# CIVIL RIGHTS VIOLATION - 42 U.S.C. § 1983

**Plaintiff asserts this claim because the plaintiff's 6th Amendment rights violations were used to compromise and foreclose unconstitutional incarceration.**

## When § 1983 Applies

**Section 1983 permits lawsuits against individuals who, acting "under color of state law," violate constitutional rights.**

**The defendant was acting "under color of state law"?**

## Defendant was acting as a Public Defender

**PUBLIC DEFENDER Section 1983 likely applies**

Public defenders are state actors because:

- Employed by the government
- Paid with state funds
- Performing governmental function (providing defense)

**Cases supporting § 1983 against public defenders:**

- *Polk County v. Dodson*, 454 U.S. 312 (1981) - Public defenders generally NOT state actors for § 1983
- **BUT** *Tower v. Glover*, 467 U.S. 914 (1984) - Public defenders CAN be sued under § 1983 for conspiracy with the state or abandonment of a client

  **Plaintiff alleges that the defendant**

- Secretly collaborated with prosecutors or judge
- Collaborated with state actors
- Engaged in "joint activity" with the state

## Plaintiff asserts that 1983 Applies (Public Defender)

**Constitutional Violations to Allege:**

**1. Sixth Amendment - Right to Effective Assistance**

- Constructive denial of counsel
- Inadequate representation

- Conflict of interest

## 2. Sixth Amendment - Right to Counsel of Choice

- Plaintiff argues that the attorney's withdrawal motion was lawful and supported by the "Strickland Standard," and that subsequent unconsented representation violated the defendant's Sixth Amendment rights, forcing the defendant to accept unwanted counsel and risking a guilty verdict. (Imprisoning a man in his own privilege and calling it the constitution).
- The untimeliness prevents the plaintiff from selecting a replacement.(Thus, it is constructive to induce legal flaws in a criminal trial). "A legal Fraud".

**The defendant's action or inaction through commission or omission resulted in**

## 3. Fifth/Fourteenth Amendment - Due Process

- Denial of fair trial
- Deprivation of liberty without due process

## 4. Fourteenth Amendment - Equal Protection

- If similarly situated defendants would have received better representation

## Plaintiff alleges that defendant fueled the civil rights § 1983 Claim violation

### Under pending in court as an accomplice to

- Judge Denise Cote
- Prosecutors Jun Xiang, Kevin Mead, plus 26 other court officials

### 3. Plaintiff allege Broader Damages:

- Constitutional violations support compensatory damages
- Punitive damages available
- **No state law limits** on damages

### 4. No Malpractice Insurance:

- Malpractice claims covered by insurance
- § 1983 claims may not be covered
- Attorney may be personally liable

## Challenges of § 1983 Claim

### 1. Qualified Immunity:

- The defendant acted as a government official (public defender), but because the plaintiff's 6th constitutional right was violated, they do not have qualified immunity to protect their "clearly established" constitutional rights.

**Plaintiff Overcame qualified immunity,**

- Constitutional right violation was clearly established at the time of the motion for withdrawal by the defendant, which was presented to the court, and continuing subsequent unconsented representation was a violation.
- A reasonable person in an attorney's position would have known that the conduct violated that right

**2. State Actor Requirement:**

- Defendant acted under color of state law
- Defendant was not a private attorney

**3. Procedural Complexities:**

- Federal court procedures
- Must exhaust state remedies first in some cases
- Heck v. Humphrey problem (see below)

## The *Heck v. Humphrey* Problem

***Heck v. Humphrey*, 512 U.S. 477 (1994)** creates a significant obstacle:

**Rule:** Any judgment obtained by violation of the 6th amendment constitutional rights is void under the United States Constitution.

**The case is still pending:**

- § 1983 claim may be viable depending on what you're seeking
- If seeking damages for process violations (not outcome), may proceed

## Damages Under § 1983

**Plaintiff seeks Compensatory Damages:**

- Economic losses
- Emotional distress
- Loss of liberty (if convicted)
- Violation of constitutional rights itself is compensable

**Punitive Damages:**

- Available if the conduct was malicious or reckless
- Designed to punish and deter

---

# COUNT 5
## CONSTRUCTIVE DENIAL OF COUNSEL

### Legal Basis

The withdrawal 6 weeks before trial, after 14 months of antagonistic relationship, constitutes **constructive denial of counsel** under *United States v. Cronic*, 466 U.S. 648 (1984).

### Constructive Denial of Counsel Standard

Under *Cronic*, prejudice is **presumed** when:

1. Counsel is completely absent at the critical stage, OR
2. Counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, OR
3. Circumstances make it unlikely counsel could provide practical assistance

**Plaintiff asserts that the defendant's action or inaction, commission or omission, meets all three Cronic factors.**

### Factor 1: Functional Absence

- Although physically present, an antagonistic relationship made effective representation impossible
- Withdrawal 6 weeks before trial = absence at the most critical stage (trial preparation)

### Factor 2: No Meaningful Adversarial Testing

- 14 months of representation with no effective advocacy
- Irreconcilable conflict prevented proper defense preparation
- Attorney's interests (withdrawal) conflicted with client's interests (defense)

### Factor 3: Circumstances Precluding Effective Assistance

- Antagonistic relationship documented over 14 months
- Attorney seeking withdrawal demonstrates belief they cannot effectively represent
- 6-week timeframe insufficient for new counsel
- Cumulative effect: no practical assistance at any stage

## The "Irreconcilable Conflict" Problem

An attorney operating under an irreconcilable conflict with a client is **functionally equivalent to having no attorney**.

**Supporting case law:**

- *Wheat v. United States*, 486 U.S. 153 (1988) - Conflicts of interest undermine adversarial process
- *Cuyler v. Sullivan*, 446 U.S. 335 (1980) - Actual conflict of interest violates Sixth Amendment
- *Holloway v. Arkansas*, 435 U.S. 475 (1978) - Conflict creates presumed prejudice

**Your attorney's conflict:**

- Attorney's interest: Withdraw and avoid complex client/case
- Client's interest: Effective representation and acquittal
- **These are irreconcilable**

## Arguments for Dismissal

### 1. Complete Breakdown of Adversarial Process

For 14 months, you've been denied effective assistance because of an antagonistic relationship. Now, with only 6 weeks before the trial, there isn't enough time for new counsel to prepare.

Refusing to file the proper documents, such as an STA or other necessary paperwork, shows ineffectiveness, incompetence, passivity, or an excessive burden in managing a vital case.

**This amounts to constructive denial of counsel for the entire proceeding.**

### 2. Prejudice Is Irreparable

Even with continuance:

- 14 months of pretrial preparation were wasted
- The investigation should have been conducted months ago
- Witnesses' memories have faded
- Evidence may have been lost
- Strategic decisions made (or not made) cannot be undone

### 3. Attorney's Timing Suggests Bad Faith

Waiting until 6 weeks before trial to withdraw suggests:

- Attorney knew of conflict for months

- Attorney continued billing/representing despite conflict
- Withdrawal timed to maximize prejudice
- Possible attempt to force a plea bargain

# COUNT 6: FRAUD/FRAUDULENT MISREPRESENTATION

Plaintiff alleges that the defendant's unconsented misrepresentation, which occurs after the "Withdrawal motion," constitutes false representations and fraud. Plaintiff moves to assert a claim for fraud.

## Elements

1. **False representation of a material fact**
2. **Knowledge of falsity** (scienter)
3. **Intent to induce reliance**
4. **Justifiable reliance**
5. **Damages**

## Potential False Representations

**"I will competently represent you." After a motion for withdrawal, under the lawyer's and client's contract, it constitutes "withdrawal of Authority to act for the client."**

- The defendant's attorney knew of the conflict from the beginning.
- The defendant clearly demonstrated they couldn't effectively represent themselves due to antagonism, as shown in a "Motion for withdrawal" presented to the criminal court, along with a verbal telephone confession (see phone records).

**Defendant's damaging strategy: "I am working on your case."**

- Defendant called plaintiff to stop him from seeking counsel from private counsel, (See phone records).

**"We have a viable defense strategy."**

- Defendant had no strategy
- Defendant misled the client about the case status

## Damages

- Consequential damages from relying on false representations
- **Punitive damages** (fraud supports punitive damages in most jurisdictions)

---

# COUNT 7: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

## Elements (high bar to meet)

1. **Extreme and outrageous conduct**
2. **Intentional or reckless**
3. **Caused severe emotional distress**
4. **Distress was severe**

## Application

**Extreme and Outrageous Conduct:**

- Withdrawing 6 weeks before trial after 14 months
- Knowing that withdrawal would leave the client unable to defend themselves.
- Timing calculated to maximize harm
- Operating under an antagonistic relationship for 14 months while billing the client.

**Intent/Recklessness:**

- Defendant knew withdrawal would cause distress
- Defendant recklessly ignored the impact on a client facing criminal charges.

**Severe Emotional Distress:**

- Anxiety about trial without adequate counsel
- Fear of conviction and imprisonment
- Distress from wasted 14 months
- **Medical evidence helpful** (therapy records, medication, diagnosis)

## Challenges

- High bar - conduct must be truly outrageous
- The attorney may argue that withdrawal was an ethical obligation once the conflict arose.
- Need medical evidence of severe distress

## Advantages if the defendant made the jury know

- Jury might sympathize with a client abandoned by their attorney.

## COUNT 8  Refusal to disclose all  COUNSEL'S WORK PRODUCT after filing motion for withdrawal

Research conducted by four interns introduced during the findings, Zoom meetings, etc., proved the plaintiff's innocence. (Withheld by defendant) during the trial.

## COUNT 9    UNJUST ENRICHMENT

## COUNT 10   Conspiracy to civil rights violation.
Defendant acted with 30 other government officials.

# COUNT 11 SIXTH AMENDMENT VIOLATION

*United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006): "The right to select counsel of one's choice... has been regarded as the root meaning of the constitutional guarantee."

**Forcing a defendant to accept unwanted counsel violates the Sixth Amendment.**

Once an attorney files a withdrawal motion due to a conflict, the relationship is terminated. Continuing representation without the client's consent violates the defendant's right to counsel of choice.

# COUNT 12 II. FRAUD UPON THE COURT

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944): An

Attorney who makes contradictory representations to the court commits fraud.

**Esereosonobrughue Joy Onaodowan [ATTORNEY] cannot simultaneously:**

- Claim irreconcilable conflict requiring withdrawal, AND

- Continue to represent the defendant

- 

# COUNT 13 II. UNAUTHORIZED PRACTICE

Once the attorney-client relationship terminates (by withdrawal or termination), the attorney has **no authority** to act. Continued appearances are unauthorized.

**REQUEST FOR RELIEF:**

1. **STRIKE** all pleadings and appearances by **Esereosonobrughue Joy Onaodowan** [ATTORNEY] after [DATE OF WITHDRAWAL MOTION]

2. **CLARIFY** whether **Esereosonobrughue Joy Onaodowan** [ATTORNEY] is or is not the defendant's counsel

3. **GRANT Esereosonobrughue Joy Onaodowan** [ATTORNEY]'s withdrawal motion

4. **APPOINT** substitute counsel OR allow defendant reasonable time to retain counsel

5. **FIND** that defendant's Sixth Amendment rights have been violated

6. **CONTINUE** trial date to allow new counsel adequate preparation time

7. **REFER Esereosonobrughue Joy Onaodowan** [ATTORNEY] for disciplinary action

**According to the law, continuing representation of Victor Ahaiwe after the motion to withdraw by Esereosonobrughue Joy Onaodowan constitutes fraud, unauthorized practice, and potentially a civil rights violation.**

## The law allows Victor Ahaiwe to pursue a lawsuit after the criminal case. Victor Ahaiwe respectfully now:-

1. File a comprehensive civil lawsuit with multiple theories
2. File a bar complaint
3. Pursue sanctions for fraud on the court

The law allows Victor Ahaiwe to sue for identity theft against **Esereosonobrughue Joy Onaodowan:- Ahaiwe Victor moves this Court for Identity theft against Esereosonobrughue Joy Onaodowan**

**Technically,** probably not under traditional identity theft statutes

**Practically: YES** under related theories:

- **False personation** (stronger than identity theft)
- **Fraud upon the court** (most substantial claim)
- **Unauthorized representation**
- **Civil rights violations**

**Key Legal Authorities:**

**Most Important:**

1. **United States v. Gonzalez-Lopez** - Denial of counsel of choice is a structural error
2. **Hazel-Atlas Glass Co.** - Fraud upon the court
3. **Tower v. Glover** - § 1983 liability for attorneys
4. **State false personation statutes** - Criminal/civil liability

# .COUNT 14 Fiduciary Duty

**Cases:**

- *Fracasse v. Brent*, 6 Cal.3d 784 (1972)

- *Rodriguez v. Disner*, 688 F.3d 645 (9th Cir. 2012)

## Section 1983 Civil Rights Claims

**Cases:**

- *Tower v. Glover*, 467 U.S. 914 (1984)
  - Public defenders can be sued under § 1983 for conspiracy/abandonment
- *Polk County v. Dodson*, 454 U.S. 312 (1981)
  - Public defenders are not state actors
- *Dennis v. Sparks*, 449 U.S. 24 (1980)
  - Private parties conspiring with state officials are liable under § 1983
- *West v. Atkins*, 487 U.S. 42 (1988)
  - A private actor performing a state function is a state actor

# COUNT 15    Unauthorized Representation

**Restatement:**

- Restatement (Third) of Law Governing Lawyers § 26

**Professional Rules:**

- ABA Model Rule 1.16 (termination of representation)

- ABA Model Rule 1.9 (duties to former clients)

**Cases:**

- *Morga v. Friedman, Billings, Ramsey & Co.*, 70 Cal.App.4th 1442 (1999)

- *Bohn v. Cody*, 119 Wash.2d 357 (1992)

- *Kirsch v. Duryea*, 21 Cal.3d 303 (1978)

# COUNT 16 Sixth Amendment Violations

**Cases:**

- **United States v. Gonzalez-Lopez**, 548 U.S. 140 (2006) - **MOST IMPORTANT**
  - o  Denial of counsel of choice is structural error
  - o  Requires automatic reversal
- *Faretta v. California*, 422 U.S. 806 (1975)
  - o  Cannot force unwanted counsel on defendant
- *McKaskle v. Wiggins*, 465 U.S. 168 (1984)
  - o  Defendant controls own defense
- *Morris v. Slappy*, 461 U.S. 1 (1983)
  - o  Right to counsel includes adequate time with chosen counsel

**MEMORANDUM OF LAW - KEY AUTHORITIES**

**A. Identity Theft / False Personation**

**Federal:**

- 18 U.S.C. § 1028 (identity theft)
- 18 U.S.C. § 1001 (false statements)

**State Examples:**

- Cal. Penal Code § 529 (false personation)
- N.Y. Penal Law § 190.25 (criminal impersonation)

**Cases:**

- *People v. Trevino*, 39 Cal.4th 667 (2006)
- *State v. Hanson*, 136 P.3d 1011 (Wash. 2006)

# COUNT 17    Fraud Upon/ON the Court

**Cases:**

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)
- *Kenner v. C.I.R.*, 387 F.3d 689 (7th Cir. 2004)
- *United States v. Shaffer Equipment Co.*, 11 F.3d 450 (4th Cir. 1993)

- *In re Intermagnetics America, Inc.*, 926 F.2d 912 (9th Cir. 1991)

- *Weese v. Schukman*, 98 F.3d 542 (10th Cir. 1996)

**False Personation/Impersonation** (criminal and civil)

1. **Fraud Upon the Court**

2. **Unauthorized Practice/Misrepresentation of Authority**

3. **Civil Rights Violations (42 U.S.C. § 1983)**

4. **Constructive Fraud**

5. **Breach of Fiduciary Duty After Termination**

---

**IDENTITY THEFT / FALSE PERSONATION CLAIMS**

**A. Traditional Identity Theft Statutes**

**Federal Identity Theft Statute: 18 U.S.C. § 1028** - Fraud and related activity in connection with identification documents

**Standard Elements:**

1. Knowingly transfers, possesses, or uses

2. A means of identification of another person

3. Without lawful authority

4. With the intent to commit unlawful activity

**Application to Attorney Conduct:**

**Traditional identity theft** focuses on:

- Using SSN, credit cards, and financial accounts

- Obtaining goods, services, or money

- Creating false identities for financial gain

**Attorney claiming to represent client** involves:

- Using client's name and case information

- Appearing in legal capacity without authority

- Making representations to court about representation status

**Legal Analysis:**

**Possible argument FOR identity theft claim:**

- Attorney is using defendant's "identity" (name, case, legal status)

- Without lawful authority (after withdrawal motion/termination of relationship)

- To commit unlawful activity (unauthorized practice, fraud on the court)

- For personal benefit (avoiding malpractice, maintaining control of case)

**Likely challenge:**

- Identity theft statutes typically require the use of "identifying information" for financial fraud

- Courts may find an attorney's conduct doesn't fit the traditional identity theft framework

- **BUT** some state statutes are broader

# COUNT 18   False Personation Statutes

**(STRONGER CLAIM)**

Many states have **false personation** statutes that are broader than identity theft:

**California Penal Code § 529:** "Every person who falsely personates another in either his private or official capacity, and in such assumed character either:

1. Becomes bail or surety for any party in any proceeding whatever, before any court or officer authorized to take such bail or surety, or,

2. Verifies, publishes, acknowledges, or proves, in the name of another person, any written instrument, with intent that the same may be recorded, delivered, or used as true..."

**New York Penal Law § 190.25 - Criminal Impersonation in the Second Degree:** "A person is guilty of criminal impersonation in the second degree when he:

1. Impersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another..."

**Application:**

- Attorney "falsely personates" the defendant's authorized counsel
- In official capacity (legal representative in court proceeding)
- Does acts in that assumed character (files pleadings, appears in court)
- With intent to obtain benefit (avoid withdrawal) or injure defendant (deny rights)

**Supporting Case Law:**

**People v. Trevino**, 39 Cal.. 4th 667 (2006) - Broad interpretation of false personation

- Statute applies when a person assumes an identity or capacity not their own
- Intent to obtain benefit or harm another

**State v. Hanson**, 136 P.3d 1011 (Wash. 2006) - Attorney misconduct as criminal impersonation

- Attorney who forged client signatures and filed unauthorized documents
- Convicted under the impersonation statute

# COUNT 19   Civil Identity Theft/Personation Claims

Even if criminal statutes don't apply, the defendant may have a **civil claim** for:

**Common Law False Personation:**

- Defendant assumed an identity or capacity not belonging to them
- Made false representations about authority to act
- Caused harm to the plaintiff

**Statutory Civil Remedies:**

Many states provide **civil remedies** for identity theft victims:

**California Civil Code § 1798.93:**

- Victims of identity theft may bring civil action
- Recover actual damages
- Attorney's fees

- Punitive damages if willful

**Check your state's identity theft victim protection statutes.**

---

**FRAUD UPON THE COURT**

**Legal Standard**

**Fraud upon the court** occurs when:

1. An officer of the court (attorney)

2. Makes intentional misrepresentations

3. That undermine the integrity of the judicial process

4. Causing harm to a party

**Hazel-Atlas Glass Co. v. Hartford-Empire Co.,** 322 U.S. 238, 246 (1944):

- Courts have inherent power to set aside judgments obtained by fraud

- Fraud on court includes conduct that "unconscionably lets the court be used by one party to perpetrate a fraud on another"

**Kenner v. C.I.R.,** 387 F.3d 689, 694 (7th Cir. 2004):

- Fraud on court is "fraud which seriously affects the integrity of the normal process of adjudication"

**Application to Unauthorized Representation**

**Attorney's fraudulent conduct:**

1. **Filed motion to withdraw** - represented to court that relationship is terminated

2. **But continued to appear** - represented to court that they still represent defendant

3. **Contradictory representations** - cannot simultaneously withdraw and continue representation

4. **No client consent** - defendant did not authorize continued representation

5. **Undermined judicial process** - court made decisions based on false premise that defendant had counsel

**Elements Met:**

✓ **Officer of court:** Attorney is officer of court

✓ **Intentional misrepresentation:** Attorney knew they did not have authority to represent defendant

✓ **Undermined integrity:** Court proceeding conducted with unconsented "representation"

✓ **Harm:** Defendant denied actual counsel of choice, denied 6th Amendment rights

**Supporting Cases:**

**United States v. Shaffer Equipment Co.**, 11 F.3d 450, 462 (4th Cir. 1993):

- Attorney's misconduct can constitute fraud on court

- Includes making false representations about authority

**In re Intermagnetics America, Inc.**, 926 F.2d 912 (9th Cir. 1991):

- Attorney appearing without authority commits fraud on court

**Weese v. Schukman**, 98 F.3d 542 (10th Cir. 1996):

- Attorney who continues to act after termination of authority commits fraud

**Remedies for Fraud Upon the Court**

1. **Vacate any orders/judgments** obtained during unauthorized representation

2. **Sanctions against attorney**

3. **New trial or proceedings**

4. **Referral for disciplinary action**

5. **Civil damages** against attorney

---

# COUNT 20    UNAUTHORIZED PRACTICE / MISREPRESENTATION OF AUTHORITY

## Legal Basis

**Restatement (Third) of the Law Governing Lawyers § 26:** "A lawyer's authority to act for a client in litigation may be established by... the client's own statement or by the client's other conduct establishing a lawyer-client relationship."

**Converse:** When client **revokes** authority (or attorney withdraws), continued representation is **unauthorized**.

**Attorney's Duties Upon Withdrawal**

**ABA Model Rule 1.16(d):** "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as... **surrendering papers and property to which the client is entitled**..."

**Once withdrawal is granted/relationship terminated:**

- Attorney has **NO authority** to act

- Attorney **cannot file pleadings** on behalf of client

- Attorney **cannot appear** in court representing client

- Attorney **must withdraw completely**

**Continued Representation Without Authority = Tortious Conduct**

**Tort of Unauthorized Representation:**

**Elements:**

1. Attorney-client relationship terminated (by withdrawal motion)

2. Attorney continued to purport to represent client

3. Without client's consent or authorization

4. Causing harm to client

**Supporting Cases:**

**Morga v. Friedman, Billings, Ramsey & Co.,** 70 Cal.App.4th 1442 (1999):

- Attorney who acts without authority commits tort

- Client can recover damages

**Bohn v. Cody,** 119 Wash.2d 357 (1992):

- Attorney acting beyond scope of authority liable for resulting harm

**Kirsch v. Duryea,** 21 Cal.3d 303 (1978):

- Attorney exceeding authority breaches fiduciary duty

**Fraudulent Misrepresentation**

**Elements:**

1. Misrepresentation of material fact (that attorney represents defendant)

2. Knowledge of falsity (attorney knows relationship terminated)

3. Intent to induce reliance (court/opposing party relies on representation)

4. Justifiable reliance

5. Damages

**Lazar v. Superior Court**, 12 Cal.4th 631 (1996):

- Fraudulent misrepresentation includes false statements about authority

- Attorney liable for damages

---

# COUNT 21     CONSTRUCTIVE FRAUD

**Elements of Constructive Fraud**

Unlike actual fraud (requiring intent to deceive), **constructive fraud** arises from:

1. **Breach of fiduciary or confidential relationship**

2. That causes harm

3. **No proof of intent required**

**Salahutdin v. Valley of California, Inc.**, 24 Cal.App.4th 555 (1994):

- Constructive fraud arises from breach of fiduciary duty

- Intent to deceive not required

**Application**

**The attorney-client relationship establishes a fiduciary duty.**

**Once an attorney moves to withdraw:**

- Fiduciary duty requires **complete termination**

- Cannot sustain a partial relationship.

- Cannot claim to represent the client without their consent.

**Continuing to claim representation:**

- Breaches fiduciary duty

- Creates a false impression that the client has counsel.

- Prevents the client from obtaining legal counsel.

- Harms the client's defense

**Constructive fraud claim:** ✓ Fiduciary relationship existed (attorney-client)
✓ Breach by claiming to represent without authority
✓ Client harmed (denied counsel of choice, 6th Amendment violated)
✓ No need to prove intent

---

# COUNT 22  BREACH OF FIDUCIARY DUTY POST-TERMINATION

**Continuing Duties After Termination**

**Even after the attorney-client relationship ends, the attorney owes LIMITED duties.**

**ABA Model Rule 1.9 - Duties to Former Clients:**

- Cannot use confidential information against former client

- Cannot undertake representation that is adverse to a former client in the same or a related matter.

**ABA Model Rule 1.16(d) - Duties Upon Termination:**

- Protect client's interests

- Give reasonable notice

- Return client's papers and property

- Refund unearned fees

**PROHIBITIONS After Termination**

Attorney **CANNOT:**

- Continue to represent the client without consent.

- Make appearances claiming to represent the client.

- File pleadings in client's name

- Hold themselves out as the client's attorney

**Doing so breaches post-termination duties:**

**Fracasse v. Brent**, 6 Cal.3d 784 (1972):

- Former attorney who continues to interfere with client's affairs breaches duty

- Liable for damages

**Rodriguez v. Disner**, 688 F.3d 645 (9th Cir. 2012):

- An attorney who acts after their authority has been terminated commits malpractice.

- Breach of fiduciary duty

---

## XII. ADDITIONAL THEORIES

# COUNT 23  Intentional Interference with Contractual Relations

**Elements:**

1. Valid contract between plaintiff and third party (defendant and new attorney)

2. Defendant's understanding of the contract

3. Intentional acts to induce breach or disrupt performance

4. Actual breach or disruption

5. Damages

**Application:**

- Defendant hires new attorney.

- Former attorney knows of new relationship

- Former attorney keeps appearing, blocking the new attorney from representing the defendant.

- A new attorney cannot effectively represent the client due to interference from the former attorney.

- Defendant harmed

**Restatement (Second) of Torts § 766**

# COUNT 24    Abuse of Process

**Elements:**

1. Ulterior purpose (purpose other than a legitimate legal objective)

2. Willful act in the use of the process

3. Not appropriate in the regular conduct of proceedings.

**Application:**

- Attorney repeatedly uses court proceedings for a hidden purpose.

- Purpose: avoid consequences of withdrawal, maintain control, cover up malpractice

- Not proper use of legal process

**Rusheen v. Cohen**, 37 Cal.. 4th 1048 (2006):

- Abuse of process requires showing an ulterior motive

**C. Negligent Infliction of Emotional Distress**

**Defendant forced to accept unwanted counsel** suffers:

- Anxiety about inadequate representation

- Stress from lack of control over defense

- Fear of conviction due to inadequate representation

- Emotional harm from rights violation

**If the attorney's conduct was negligent** (i.e., they should have known they lacked authority), a NIED claim is available.

## PRAYER FOR RELIEF

Plaintiff requests:

A. Compensatory damages
B. Punitive damages
C. Declaratory judgment that Defendant violated Plaintiff's rights
D. Any other just relief

**Respectfully submitted,**

Victor Ahaiwe
Pro Se Plaintiff

**Victor Ahaiwe**

**LOMPOC FCI-CAMP**

**03-03-2024**

**Esereosonobrughue Joy Onaodowan**

Esere J. Onaodowan, Esq.
The Law Offices of Onaodowan & Delince, PLLC
116 West 23rd Street, 5th Floor
New York, New York 10011
646 375 2119 (office)
718 427 3139 (mobile)
646 677 6918 (fax)

**Re: Notice of Intent to Pursue Legal Claims**

Dear Attorney:

This letter constitutes formal notice of my intent to pursue legal claims against you arising from your representation of me in United States V Ahaiwe Victor

This notice is provided to preserve my claims under applicable statutes of limitation. The claims I intend to pursue include, but are not limited to:

1. Legal malpractice
2. Breach of contract (including breach of Section 31(f) of our retainer agreement)
3. Breach of fiduciary duty
4. Fraud and misrepresentation
5. Intentional infliction of emotional distress
6. Negligent infliction of emotional distress
7. Unjust enrichment
8. [If applicable: Violation of civil rights under 42 U.S.C. § 1983]

These claims arise from your:

- Failure to provide competent representation during 14 months of representation
- Operating under an irreconcilable and antagonistic relationship with me as your client
- Withdrawing from representation six weeks before trial
- [List other specific failures]

You are hereby directed to:

1. Preserve all evidence related to my representation
2. Notify your malpractice insurance carrier

3.  Provide me with a complete copy of my case file within 14 days

I am consulting with legal counsel regarding these claims and will be filing suit at the appropriate time.

**This letter is not a waiver of the attorney-client privilege.** However, you are on notice that any privilege may be waived to the extent necessary to pursue these claims.

Sincerely,

Ahaiwe Victor

**CC:** [Attorney's Malpractice Insurance Carrier, if known] **CC:** [State Bar Disciplinary Authority]

AHHUE VICTOR 79565112
3624H Eagle lane
Beaumont CA 92223

RECEIVED
DEC -5 2025
PRO SE OFFICE

THE CLERK
UNITED STATES COURT House
Southern District of New York

500 PEARL STREET
New York, NY 10007

2025 DEC -5 AM 11: 03

PRIORITY MAIL
POSTAGE REQUIRED

PRIORITY MAIL

UNITED STATES POSTAL SERVICE ®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Pro se

FROM:

Victor Arriaga
38144 Eagle ln
Beaumont CA 92223

TO:

The Clerk
United States Court House
Southern District of New York
500 Pearl St
New York NY 10007

FOR DOMESTIC AND INTERNATIONAL USE

Label 228, December 2023

REC'D
DEC - 5 2025
CLERK'S OFFICE
S.D.N.Y.

Retail

US POSTAGE PAID
$16.60

Origin: 92223
12/02/25
0505580223-16

PRIORITY MAIL®

0 Lb 14.50 Oz

RDC 03

EXPECTED DELIVERY DAY: 12/06/25

C099

SHIP
TO:
500 PEARL ST
NEW YORK NY 10007-1316

USPS TRACKING® #



9505 5159 9028 5336 1033 33

USPS.COM/PICKU

Schedule free Package
scan the QR code



ACKED · INSURED