UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR AHAIWE,

Plaintiff,

-against-

ESEREOSONOBRUGHUE JOY ONAODOWAN, ESQ.,

Defendant.

1:25-CV-10133 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff Victor Ahaiwe, who appears *pro se*, filed this action while he was held in a federal Residential Reentry Center ("RRC") (a halfway house) in Rubidoux, California. (*See* ECF 2, at 1.) He brings this action asserting claims under 42 U.S.C. § 1983 and under state law, seeking damages, injunctive relief, and declaratory relief. Plaintiff sues Esereosonobrughue Joy Onaodowan, Esq., an attorney who, for a period of time, represented him in his criminal action in this court, *United States v. Ahaiwe*, 1:20-CR-0179-11 (DLC).

By order dated December 11, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

[1] Under the Prison Litigation Reform Act ("PLRA"), Plaintiff is considered a prisoner. Under that statute, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h). This definition includes a person held in an RRC. *See generally Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (explaining that, in passing the PLRA, "Congress placed a constraint on suits filed by all litigants who could be characterized as prisoners, *regardless of the type of facility in which they are imprisoned*[,]" including "*all facilities in which prisoners are held involuntarily as a result of violating the criminal law*"). A plaintiff is a prisoner for the purposes of the PLRA if, under the abovementioned definition, he is a prisoner at the time of the filing of his complaint. *See Gibson v. City Mun. of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) (citation omitted). Although Plaintiff may no longer be held in the

After Plaintiff filed his complaint, and after the court granted him IFP status, he filed other submissions, including: (1) a "motion for leave to proceed [IFP] and notice of prior qualification" (ECF 7); (2) a "motion to consolidate three related cases" (ECF 11); and (3) an "emergency motion to stay execution of constitutionally void judgment pending adjudication of motion to vacate and civil rights claim" ("emergency motion") (ECF 12).

To the extent that Plaintiff asserts claims for declaratory and injunctive relief that challenge his conviction and/or sentence in *Ahaiwe*, 1:20-CR-0179-11 (DLC), the Court construes such claims as seeking relief under 28 U.S.C. § 2255, that is, asking the court to vacate, set aside, or correct the federal sentence that this court previously imposed on him in *Ahaiwe*, 1:20-CR-0179-11 (DLC). For the reasons discussed below, the Court: (1) dismisses Plaintiff's claims under 42 U.S.C. § 1983; (2) severs from this action Plaintiff's claims for Section 2255 relief, and transfers them to the United States Court of Appeals for the Second Circuit as a second or successive Section 2255 motion; and (3) grants Plaintiff 30 days' leave to replead his claims under state law in an amended complaint in which he alleges facts showing why this court has diversity subject matter jurisdiction to consider such claims.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

---

abovementioned RRC, and may be serving a term of supervised release at a private residence, when Plaintiff filed his complaint, he was held in an RRC.

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The Court will first summarize Plaintiff's allegations in his complaint and in his "emergency motion," and then it will discuss Plaintiff's associated criminal and Section 2255 litigation history in this court and in the Second Circuit.

**A. Plaintiff's complaint and "emergency motion"**

The following facts are drawn from the complaint and the "emergency motion" filed in this action[2]: Plaintiff alleges that Onaodowan was his appointed criminal defense counsel for 14 months with respect to *Ahaiwe*, 1:20-CR-0179-11 (DLC). During that period, he and Onaodowan "had an irreconcilable, antagonistic, and adversarial relationship, making meaningful representation impossible." (ECF 1, at 2.) Onaodowan "refused to communicate adequately, ignored requested motions, failed to investigate, was unable to prepare for trial, and refused to provide discovery on time." (*Id.*) "[A]fter nearly 14 months of delay," and with six weeks before Plaintiff's criminal trial, Onaodowan filed a motion to withdraw as Plaintiff's criminal defense counsel. (*Id.*) Onaodowan's representation of Plaintiff "was non-existent, adversarial, and prejudicial, violating Plaintiff's rights, [and was] possibly retaliatory for Plaintiff's refusal to [agree to] an irresponsible *Alford* plea being forced on him by" Onaodowan. (*Id.*)

Plaintiff seeks compensatory and punitive damages, as well as "[d]eclaratory judgment [holding] that [Onaodowan] violated [Plaintiff's] rights," and "[a]ny other just relief." (*Id.* at 28.) He also seems to ask the court, with respect to *Ahaiwe*, 1:20-CR-0179-11 (DLC), to:

> 1. Strike all pleadings and appearances by . . . Onaodowan . . . after [Date of Withdrawal Motion][;]
> 2. Clarify whether . . . Onaodowan . . . is or is not [Plaintiff's criminal defense] counsel[;]
> 3. Grant . . . . Onaodowan['s] . . . withdrawal motion[;]
> 4. Appoint substitute counsel or allow [Plaintiff] reasonable time to retain counsel[;]
> 5. Find that [Plaintiff's] Sixth Amendment rights have been violated[;]
> 6. Continue trial date to allow new counsel adequate preparation time[;]
> 7. Refer . . . Onaodowan . . . for disciplinary action.

(*Id.* at 14.)

---

[2] The Court quotes from the complaint and the "emergency motion" verbatim. All spelling, grammar, and punctuation are as in the complaint and the "emergency motion" unless noted otherwise.

In his "emergency motion," Plaintiff moves "for an emergency order staying the execution of the judgment entered [in] February 2022, currently being executed by the Department of Probation," pending the court's adjudication of what appears to be a Section 2255 motion filed in *Ahaiwe*, 1:20-CR-0179-11 (DLC), and other litigation Plaintiff had brought in this court. (ECF 12, at 1.)

**B. Associated criminal litigation history in this court and in the Second Circuit**

In a criminal trial in this court that was presided over by District Judge Denise Cote, a jury found Plaintiff guilty of: (1) conspiracy to commit bank fraud, under 18 U.S.C. § 1349; (2) conspiracy to commit money laundering, under 18 U.S.C. § 1956(h); and (3) aggravated identity theft, under 18 U.S.C. § 1028A(a)(1).[3] *Ahaiwe*, ECF 1:20-CR-0179, 529 (criminal judgment). A criminal judgment dated and entered on February 11, 2022, indicates that Judge Cote sentenced Plaintiff to an aggregate 84-month term of imprisonment, to be followed by a three-year term of supervised release. *Id.* Plaintiff appealed. On June 27, 2023, the Second Circuit affirmed Plaintiff's judgment of conviction. *United States v. Ahaiwe*, Nos. 21-2491, 21-2946, 21-3082, 22-371, 2023 WL 4196954 (2d Cir. June 27, 2023) (summary order).

Plaintiff thereafter filed a *pro se* motion to vacate, set aside, or correct his federal sentence under Section 2255. In an Opinion and Order dated January 23, 2025, Judge Cote denied Plaintiff's Section 2255 motion on the merits. *Ahaiwe v. United States*, Nos. 1:24-CV-5550 (DLC), 1:20-CR-0179-11 (DLC), 2025 WL 278476 (S.D.N.Y. January 23, 2025). Plaintiff appealed Judge Cote's denial of Section 2255 relief. On August 18, 2025, the Second Circuit

[3] The Court notes that, by order dated September 15, 2021, Onaodowan was relieved as criminal defense counsel for Plaintiff in *Ahaiwe*, 1:20-CR-0179-11 (DLC). (*See* ECF 1:20-CR-0179, 411.)

dismissed that appeal.[4] *See Ahaiwe v. United States*, No. 25-356, 2025 WL 4347511 (2d Cir. Aug. 18, 2025) (unpublished opinion).

After Judge Cote denied Section 2255 relief, Plaintiff filed with this court multiple submissions with respect to his criminal action and Section 2255 matter. As a result of the filing of those submissions, in a Memorandum Opinion and Order dated March 13, 2026, Judge Cote issued a filing injunction with respect to that criminal action and Section 2255 matter—Judge Cote ordered Plaintiff to "make no further written submissions to" the court with respect to the abovementioned criminal action and Section 2255 matter, except that, by April 3, 2026, he could file an objection to those filing restrictions and

> should [he file] any other request for relief not already sought, he must first file a letter no longer than two . . . pages describing the relief he is seeking and the factual or legal basis for it, and explicitly requesting permission to file a formal motion. Any such request for relief may not be AI-generated.

*Ahaiwe v. United States*, Nos. 1:24-CV-5550 (DLC), 1:20-CR-0179-11 (DLC), 2026 WL 710360, at *3 (S.D.N.Y. Mar. 13, 2026). Judge Cote also ordered the Clerk of Court to "return any submissions to [Plaintiff] that do not meet these specifications or have not been expressly permitted by the [c]ourt."[5] *Id.*

## DISCUSSION

### A. Claims under 42 U.S.C. § 1983

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that the defendant acted under color of a state

---

[4] The postmark on the envelope that contained Plaintiff's complaint initiating this action was dated December 2, 2025, more than three months after the Second Circuit dismissed the abovementioned appeal. (ECF 1, at 33.)

[5] The envelope that contained Plaintiff's "emergency motion" was postmarked on May 19, 2026 (ECF 12, at 4), more than two months after Judge Cote issued the abovementioned filing injunction.

"statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted)). Private individuals and other private entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . ." (internal quotation marks and citations omitted)).

The activity of a private entity may be considered to be state action for the purpose of Section 1983 liability, however, in the following three situations: (1) when the entity acts using the coercive power of the State or is controlled by the State (the "compulsion test"); (2) when the State provides significant encouragement to the entity, the entity willfully participates in joint activity with the State, or the entity's functions are entwined with State policies (the "joint action" or "close nexus" test); or (3) when the State has delegated a public function to the entity (the "public function" test). *See, e.g.*, *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "'fairly attributable'" to the State. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). In analyzing whether a private entity has acted as a state actor for the purpose of Section 1983 liability, a court must first "identify[ ] the specific conduct of which the plaintiff complains,

rather than consider the general characteristics of the entity." *Id.* (internal quotation marks and citation omitted).

Absent special circumstances suggesting concerted action between an attorney and a state actor, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), a private attorney's or a private legal aid organization's legal representation of the plaintiff does not constitute state action for the purpose of the plaintiff's stating a claim under Section 1983 against that attorney or organization, regardless of whether that attorney or organization is privately retained, court-appointed, or a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981)); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000); *Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").

Plaintiff alleges nothing to suggest that Onaodowan, a court-appointed private criminal defense attorney, acted as a state actor with respect to any of the injuries he alleges with respect to her representation of him in *Ahaiwe*, 1:20-CR-0179-11 (DLC). The Court therefore dismisses Plaintiff's Section 1983 claims against Onaodowan for failure to state a claim on which relief may be granted.[6] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[6] Plaintiff seems to allege that Onaodowan conspired with Judge Cote and the Assistant United States Attorneys who prosecuted him in *Ahaiwe*, 1:20-CR-0179-11 (DLC), to violate his federal constitutional rights. (ECF 1, at 6.) He does not allege anything, however, that would cause the Court to understand that Onaodowan (a private attorney), Judge Cote (a federal District Judge), and/or the abovementioned Assistant United States Attorneys (federal prosecutors) acted as state actors (Judge Cote and the Assistant United States Attorneys are federal officers, not state actors), or conspired with a state actor, when they allegedly conspired *among themselves* to violate his federal constitutional rights. *See Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) ("This court has long construed the phrase 'under color of state law' as used in related civil

**B. Claims for relief under 28 U.S.C. § 2255**

The Court construes Plaintiff's remaining claims for injunctive and declaratory relief—claims for relief that challenge Plaintiff's abovementioned criminal conviction and/or sentence in *Ahaiwe*, 1:20-CR-0179-11 (DLC)—as seeking relief under 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence."). Plaintiff, however, has already challenged his abovementioned criminal conviction and sentence in a Section 2255 motion that Judge Cote denied on the merits before Plaintiff initiated this action. *Ahaiwe*, 2025 WL 278476.

A submission is a second or successive Section 2255 motion when a previous Section 2255 motion challenging the same conviction or sentence was adjudicated on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize a submission as a second or successive Section 2255 motion without providing the litigant an opportunity to withdraw the submission. *See Jiminian*, 245 F.3d at 148. Because Plaintiff previously filed a Section 2255 motion that was decided on the merits before he initiated this action, the Court recharacterizes any claims for declaratory and injunctive relief in this action in which Plaintiff challenges his conviction and/or sentence in *Ahaiwe*, 1:20-CR-0179-11 (DLC), as a second or successive Section 2255 motion.

---

rights statutes, notably 42 U.S.C. § 1983, to apply only to state actors, not federal officials."); *Jackson v. Statler Found.*, 496 F.2d 623, 635 (2d Cir. 1973) (Section 1983 "proscribes only conduct '. . . under color of any statute . . . of any State . . .' and has been construed as not applying to the actions of the federal government, unless there is conspiracy between the state and federal officials." (citations omitted)), *see also Arar v. Ashcroft*, 585 F.3d 559, 568 (2d Cir. 2009) ("A federal officer who conspires with a state officer may act under color of state law, but since 'federal officials typically act under color of *federal* law,' they are rarely deemed to have acted under color of state law." (citations omitted)). Accordingly, the Court also dismisses such claims under Section 1983 for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

Before a litigant may file a second or successive Section 2255 motion in a federal district court, authorization from the appropriate court of appeals is required. *See* 28 U.S.C. § 2244(b)(3)(A). Plaintiff has not shown that he has received authorization from the Second Circuit to file his second or successive Section 2255 motion. He must therefore request permission to pursue it from the Second Circuit. Because second or successive Section 2255 motions should be transferred to the appropriate court of appeals, *see Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court severs from this action and transfers those claims in which Plaintiff challenges his abovementioned conviction and/or sentence to the Second Circuit, as a second or successive Section 2255 motion, *see* 28 U.S.C. § 1631; Fed. R. Civ. P. 21.

**C. Plaintiff's state-law claims**

The Court construes Plaintiff's complaint as asserting claims under state law, including claims of legal malpractice against Onaodowan, under the Court's original diversity subject matter jurisdiction. To establish diversity jurisdiction, under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.*

There is a second component of diversity jurisdiction—the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum or value claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses."). "A plaintiff seeking to invoke diversity jurisdiction 'cannot[,] [however,] meet its burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 1:18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

Plaintiff, who may be a citizen of the State of California, does not specify the state citizenship of Onaodowan. In addition, Plaintiff does not allege facts sufficient to show that his claims under state law satisfy the amount in controversy for diversity jurisdiction—an amount in excess of the sum or value of $75,000. *See* § 1332(a). The Court therefore dismisses Plaintiff's claims under state law, to the extent that they are brought under the court's diversity jurisdiction,

for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his claims under state law in an amended complaint in which he alleges facts sufficient to show that the court has original diversity subject matter jurisdiction to consider such claims.

**D. Leave to amend is granted**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to show that the court can consider his claims under state law under its original diversity subject matter jurisdiction, the Court grants Plaintiff 30 days' leave to file an amended complaint to allege such facts as to his claims under state law.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order. The effect of that judgment will be dismissal of Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), and the alternative dismissal of Plaintiff's claims under state law for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and because the Court declines to consider those claims under its supplemental jurisdiction, *see* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and alternatively dismisses Plaintiff's claims under state law for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and because the Court declines to consider those claims under its supplemental jurisdiction, *see* 28 U.S.C. § 1367(c)(3). The Court, however, grants Plaintiff 30 days' leave to replead his claims under state law in an amended complaint in which he alleges facts showing that the Court can consider those claims under the court's original diversity subject matter jurisdiction.

The Court severs from this action Plaintiff's claims for declaratory and injunctive relief that challenge Plaintiff's abovementioned criminal conviction and/or sentence in *Ahaiwe*, 1:20-CR-0179-11 (DLC), *see* Fed. R. Civ. P. 21, and transfers them to the United States Court of Appeals for the Second Circuit as a second or successive motion brought under 28 U.S.C. § 2255, *see* 28 U.S.C. § 1631. The Court therefore directs the Clerk of Court to sever those claims and transfer them to the Second Circuit. Because such claims make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order. The effect of that judgment will be dismissal of Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), and the alternative dismissal of Plaintiff's claims under state law for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and because the Court declines to consider those claims under its supplemental jurisdiction, *see* § 1367(c)(3).

Because the Court has already granted Plaintiff IFP status, and because of the abovementioned deficiencies in this action, the Court denies all pending motions and requests for relief filed in this action. The Court therefore also directs the Clerk of Court to terminate ECF 7, 11, and 12.

The Court further directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: September 16, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.