UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR AHAIWE,

Plaintiff,

-against-

ESEREOSONOBRUGHUE JOY ONAODOWAN, ESQ.,

Defendant.

1:25-CV-10133 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

By order dated September 16, 2026, and entered on September 21, 2026, the Court dismissed this action *sua sponte*. (ECF 16.) The Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, and alternatively dismissed his claims under state law for lack of subject matter jurisdiction and because the Court declined to consider those claims under its supplemental jurisdiction. (*Id.*) The Court, however, granted Plaintiff 30 days' leave to replead his claims under state law in an amended complaint in which he was to allege facts showing that the Court can consider those claims under the court's original diversity subject matter jurisdiction. (*Id.*) The Court also severed from this action Plaintiff's claims for declaratory and injunctive relief that challenge Plaintiff's criminal conviction and/or sentence in *United States v. Ahaiwe*, 1:20-CR-0179-11 (DLC), and transferred them to the United States Court of Appeals for the Second Circuit as a second or successive motion brought under 28 U.S.C. § 2255. (*Id.*) The Court stated that, if Plaintiff failed to file an amended complaint within the time allowed, the Court would direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in that order. (*Id.*)

On October 9, 2026, Plaintiff, who appears *pro se* and proceeds *in forma pauperis*, filed a "Declaration/Affidavit of Victor Ahaiwe in Support of Plaintiff's Motion for Reconsideration,

Revision of the September 16, 2026 Order, and First Amended Complaint." (ECF 17.) The Court construes that submission as a motion for reconsideration of the Court's September 16, 2026 order, brought under Local Civil Rule 6.3, and as Plaintiff's amended complaint filed in response to that order.

Because Plaintiff filed this submission on October 9, 2026, four days after the expiration of the 14-day period in which to seek reconsideration relief, on October 5, 2026, the Court denies Plaintiff's request for reconsideration relief. *See* Local Civil Rule 6.3.

To the extent that Plaintiff filed this submission as an amended complaint in response to the Court's September 16, 2026 order, the Court must dismiss this action for lack of subject matter jurisdiction. This is because, though the Court granted Plaintiff leave to file an amended complaint in which he was to allege facts showing that the Court can consider his claims under state law under the court's original diversity subject matter jurisdiction (ECF 16, at 10-12, 13), this submission does not do so. Specifically, it does not show that Plaintiff and Defendant are diverse, that is, that Plaintiff and Defendant are citizens of different States, and it does not show that Plaintiff's claims under state law satisfy the statutory amount in controversy for diversity jurisdiction—an amount in excess of the sum or value of $75,000. *See* 28 U.S.C. § 1332(a)(1). The Court therefore dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Court construes Plaintiff's "Declaration/Affidavit of Victor Ahaiwe in Support of Plaintiff's Motion for Reconsideration, Revision of the September 16, 2026 Order, and First Amended Complaint" (ECF 17) as a motion for reconsideration of the Court's September 16, 2026 order, brought under Local Civil Rule 6.3, and as an amended complaint filed in response to that order. The Court denies Plaintiff Local Civil Rule 6.3 reconsideration relief as untimely.

The Court also dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court therefore directs the Clerk of Court to enter a civil judgment dismissing this action for the reason set forth in this order.[1]

SO ORDERED.

Dated: October 29, 2026
New York, New York

Louis L. Stanton
Louis L. Stanton
U.S.D.J.

[1] The dismissal of this action has no effect on those claims that the Court, in its September 16, 2026 order, severed and transferred to the Second Circuit as a second or successive Section 2255 motion.